**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br>**KESA LLC,**<br>**Debtor.** | **Case No.: 26-19154-MCR**<br>**Chapter 11 (Subchapter V)** |

**OBJECTION TO DEBTOR'S APPLICATION TO EMPLOY COUNSEL**

Matthew W. Cheney, Acting United States Trustee for Region 4[1] (the "United States Trustee"), by counsel, hereby objects to the Notice and Application for Order Authorizing Employment of Daniel M. Press as Counsel for Debtor-In-Possession and Notice of Opportunity to Object (the "Application") filed on August 20, 2026. Dkt. No. 4.

The United States Trustee objects to the employment of Daniel M. Press ("Press") as counsel to Kesa LLC the Debtor and Debtor-in-Possession because the Application, as currently written, does not comply with Fed. R. Bankr. P. 2014. In addition, the retainer agreement (the "Retainer Agreement") governing Press's employment contains a blanket power-of-attorney provision ("Power of Attorney Provision"), and an evergreen retainer provision (the "Evergreen Provision") which are not reasonable terms or conditions of employment under 11 U.S.C. § 328(a), render Press not disinterested, and violate the Maryland Attorneys' Rules of Professional Conduct (the "MARPC").

## I. BACKGROUND

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a), (b) and 28 U.S.C. § 157.

[1] The Acting United States Trustee for Region 4, Matthew W. Cheney, is recused from participation in this matter. The matter is proceeding under the direction of Andrew Vara, United States Trustee for Regions 3 and 9.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The United States Trustee is charged with monitoring applications for the employment and compensation of attorneys. 28 U.S.C. §§ 586(a)(3)(A), (I).

4. The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on August 20, 2026 (the "Petition Date"). Dkt. No. 1.

5. A Disclosure of Compensation of Attorney for Debtor (the "Disclosure of Compensation") was also filed on the Petition Date. Dkt. No. 3. The Disclosure of Compensation states that the Debtor paid Press a $20,000 initial retainer. Id.

6. The Debtor filed the Application on the Petition Date. Dkt. No. 4[2].

7. The Application does not disclose the Debtor's prepetition retainer payment.

8. The Application does not include a copy of the Retainer Agreement. Counsel for the United States Trustee requested and was provided a redacted version of the Retainer Agreement, which is attached hereto as Exhibit 1.

9. The Retainer Agreement states, in relevant part:

> In consideration of the legal services to be rendered by the Law Offices of Daniel M. Press ("the law firm"), you appoint the law firm attorney in fact and in law with full authorization to do all things necessary and proper to achieve the most favorable result for you.
>
> To establish our attorney-client relationship, you have agreed to advance the sum of $20,000 by wire transfer. The funds must come from the Debtor entity. This will be applied to pay for pre-filing services and the filing fee, with the remainder to be held to be applied to fees and disbursements approved by the Court. Any fees due after application of your fee advance, as determined by the Court after approval of a fee application and notice to you, must be paid promptly after Court approval. In order to facilitate this, we may send you periodic statements of fees for which we intend to seek approval, and we ask that you send that amount to be held in escrow until

[2] The Notice portion of the Application states that objections are due by September 3, 2026, which is 14 days after the Application was filed. Fed. R. Bankr. P. 6003 provides that the Court may not grant such an application or motion within 21 days after the Petition Date.

approved by the Court.

1. Lien. You grant us an attorney's lien on any funds in our possession to the extent of our fee.

## II. ARGUMENT

10. The Bankruptcy Code requires bankruptcy courts to supervise attorney/client relationships, which specifically includes the oversight of legal fees. *In re Printing Dimensions, Inc.*, 153 B.R. 715, 718 (Bankr. D. Md. 1993).

11. A professional seeking to be employed under 11 U.S.C. § 327 must file an application stating "specific facts showing… any proposed arrangement for compensation." Fed. R. Bankr. P. 2014(a)(2)(E).

12. A debtor may employ, or authorize the employment of, a professional person under 11 U.S.C. § 327 on "any reasonable terms and conditions of employment" provided that the debtor obtains bankruptcy court approval. 11 U.S.C. § 328(a). Although bankruptcy courts have discretion to approve reasonable terms and conditions for the employment of a debtor's counsel, this Court has held that such discretion should not be exercised "either to deprive the debtor-in-possession of property prematurely or to abrogate the court's responsibility and authority to supervise the allowance of attorney's fees effectively." *In re Printing Dimensions, Inc.*, 153 B.R. at 718.

13. The Court should deny the Application because it fails to state the proposed compensation arrangement with the specificity required by Bankruptcy Rule 2014(a)(2)(E). The Court should also deny the Application because it does not provide sufficient information to establish that Press's employment is appropriate. The facts presently known weigh against approval because the Power of Attorney Provision and the Evergreen Provision are not reasonable terms and conditions under 11 U.S.C. § 328(a).

### A. The Application Fails to State Specifically the Proposed Compensation Arrangement as Required by Bankruptcy Rule 2014(a)(2)(E)

14. Bankruptcy Rule 2014(a)(2)(E) requires a professional seeking employment under 11 U.S.C. § 327 to file an application stating specific facts showing "any proposed arrangement for compensation." Fed. R. Bankr. P. 2014(a)(2)(E). The Application does not provide this information.

15. The Application fails to disclose the $20,000 retainer that Press received, as reported on lines 1 and 2 of the Disclosure of Compensation [Dkt. No. 3], and fails to attach the Retainer Agreement between the Debtor and Press.

16. The Application does not disclose the Evergreen Provision or state specifically the date, amount, or circumstances under which any additional retainer would become due.

17. The Application also fails to disclose that Press holds a lien on any funds in his possession to the extent of his fees. The Court should know of this lien before Press is authorized to hold any funds belonging to the Debtor.

18. Thus, the Application should not be approved because it does not comply with Bankruptcy Rule 2014(a)(2)(E).

### B. The Application Lacks Sufficient Information to Establish That the Retainer Agreement Contains Reasonable Terms and Conditions Under 11 U.S.C. § 328(a)

19. The Application contains no information regarding the Evergreen Provision and therefore neither the Court nor parties in interest can determine if the provision is reasonable.

20. Courts have ruled that evergreen retainers are permissible in certain cases. Whether an evergreen retainer is reasonable "must be tailored to Bankruptcy Code requirements, including the particular circumstances of a chapter 11 proceeding, the court's supervisory role and the interests of the various constituents." *In re Insilco Techs., Inc.*, 291 B.R. 628, 634

(Bankr. D. Del. 2003); *see also In re Raocore Tech., LLC*, No. 24-00065-ELG, 2025 WL 828880, at *5 (Bankr. D.D.C. Feb. 20, 2025).

21. Courts consider the following factors when determining whether the terms and conditions of a proposed retention agreement are reasonable: (i) whether terms of an engagement agreement reflect normal business terms in the marketplace; (ii) the relationship between the debtor and the professional seeking retention, including whether they had equal bargaining power in an arms-length negotiation; (iii) whether the terms of the retention are in the best interests of the estate; (iv) whether any creditors oppose the retention or retainer provisions; and (v) whether the amount and terms of the retainer are reasonable when considering the size and circumstances of the case. *Insilco Techs.*, 291 B.R. at 634. This list is not exhaustive, nor should every factor be given equal weight. Id.

22. The Retainer Agreement was not attached to the Application, and the Application does not provide the Court or parties in interest with information sufficient to apply the foregoing factors and determine whether the Evergreen Provision is reasonable under 11 U.S.C. § 328(a).

23. For these reasons, the Application's failure to disclose or address the Evergreen Provision warrants denial.

### C. Certain Terms of the Retainer Agreement Cannot Be Approved Because They Usurp the Role of the Debtor-in-Possession and Violate the MARPC

24. By including the Power of Attorney Provision, the Retainer Agreement appears to require the Debtor-in-Possession to surrender its authority to Press. Under 11 U.S.C. § 1107(a), the debtor-in-possession assumes most of a trustee's rights, powers, functions, and duties. Section 327 permits the debtor-in-possession to employ an attorney to represent or assist it in carrying out the trustee's duties. Although the debtor-in-possession may delegate specific tasks

to counsel, it cannot "surrender the helm" to another person. *In re Mushroom Transp. Co.*, 282 B.R. 805, 825 (E.D. Pa. 2002).

25. In addition, the Power of Attorney Provision renders Press not disinterested. Its authorization for Press to do all things necessary and proper to "achieve the most favorable result for [the Debtor-in-Possession]" conflicts with the fiduciary duties that the Bankruptcy Code imposes on a debtor-in-possession. *See In re J.T.R. Corp.*, 958 F.2d 602, 604 (4th Cir. 1992); *In re Int'l Yacht & Tennis, Inc.*, 922 F.2d 659 (11th Cir. 1991). Like a trustee's duties, the fiduciary duties of a debtor-in-possession extend to all parties interested in the bankruptcy estate. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 354-55, 105 S. Ct. 1986, 1994, 85 L. Ed. 2d 372 (1985). A debtor-in-possession does not act solely in its own interest; it must act in the best interest of the creditors of the estate. *In re J.T.R. Corp.*, 958 F.2d at 604-05. The job of the debtor-in-possession is to make sure the creditors are paid. *Grayson-Robinson Stores, Inc. v. Secs. & Exch.* Com., 320 F.2d 940 (2d Cir. 1963).

26. The Power of Attorney Provision also appears to deprive the Debtor of rights protected by the MARPC, which apply to cases before this Court under the Local Rules. *See* D. Md. LBR at Foreword.

27. The MARPC provide that the client has the authority to make all decisions about its case and that the attorney is required to explain matters to facilitate the client's informed decisions. *See* MARPC Rule 19-301.2(a) ("[A]n attorney shall abide by a client's decisions concerning the objectives of the representation" and "[a]n attorney shall abide by a client's decision whether to settle a matter"); MARPC Rule 19-301.4(b) (requiring an attorney to explain a matter as reasonably necessary "to permit the client to make informed decisions regarding the representation").

28. Rule 19-301.2 "requires an attorney to abide by the client's decisions regarding the objectives of representation and to consult with the client as to how to pursue said objectives." *Att'y Grievance Comm'n of Md. v. Costanzo*, 432 Md. 233, 253 (2013). An attorney's failure to inform a client of a case's status or to follow the client's instructions can violate Rule 19-301.2. *Att'y Grievance Comm'n of Md. v. Hamilton*, 444 Md. 163, 182 (2015); *see also Att'y Grievance Comm'n v. Robbins*, 463 Md. 411, 453-54 (2019) (finding that an attorney violated MARPC Rule 19-301.2 by attempting to control all relevant decision-making).

29. Attorneys can violate MARPC Rule 19-301.4 by failing to communicate information about a case's status or to comply promptly with a client's reasonable requests for information. *Hamilton*, 444 Md. at 185; *see also Att'y Grievance Comm'n of Md. v. Donnelly*, 486 Md. 454, 481 (2024) ("MARPC 19-301.4(a)(1) requires an attorney to communicate with their client regarding any 'circumstance with respect to which the client's informed consent ... is required.'").

30. The Retainer Agreement conflicts with these MARPC provisions by stating: "In consideration of the legal services to be rendered by the Law Offices of Daniel M. Press ("the law firm"), you appoint the law firm attorney in fact and in law with full authorization to do all things necessary and proper to achieve the most favorable result for you." This language appears to remove decision-making authority from the Debtor/client. A client should not be required to relinquish decision-making authority over its case as a condition of employing an attorney.

31. Accordingly, the Court cannot approve Press's employment under 11 U.S.C. § 328(a) because the Retainer Agreement contains unreasonable terms and conditions that violate the MARPC.

32. Under Local Bankruptcy Rule 9013-2, the United States Trustee relies solely on this Objection, and no additional memorandum of fact or law will be filed in support.

33. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to entry of final orders or judgments by this Court.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Application and grant such other and further relief as is just and equitable.

Date: September 3, 2026

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No.: 12933
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: jeanette.rice@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 2, 2026, a copy of the Objection was served by ECF notification on:

Daniel M. Press: dan@danpress.us; pressdm@gmail.com; danpress@recap.email

Monique Desiree Almy malmy@crowell.com, cbest@crowell.com, malmy@ecf.axosfs.com, monique-almy-7127@ecf.pacerpro.com

Paul Sweeney psweeney@yvslaw.com, jbeckman@yvslaw.com, pgomez@yvslaw.com, cadams@yvslaw.com, sweeneypr39990@notify.bestcase.com, r39990@notify.bestcase.com, vmichaelides@yvslaw.com

*/s/ L. Jeanette Rice*
L. Jeanette Rice