**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br><br>**KESA LLC,**<br><br>**Debtor.** | **Case No.: 26-19154-MCR**<br>**Chapter 11 (Subchapter V)** |

**OBJECTION TO AMENDED APPLICATION TO EMPLOY COUNSEL**

Matthew W. Cheney, Acting United States Trustee for Region 4 (the "United States Trustee"), by counsel, hereby objects to the Amended Application for Order Authorizing Employment of Daniel M. Press as Counsel for Debtor-In-Possession and Notice of Opportunity to Object (the "Amended Application") filed on September 13, 2026. Dkt. No. 22.

The Amended Application adds disclosures concerning Daniel M. Press's ("Press") compensation and attaches a redacted copy of the governing retainer agreement (the "Retainer Agreement"), but it does not cure the substantive defects identified in the United States Trustee's original objection. The Retainer Agreement still contains (i) a blanket power-of-attorney provision (the "Power of Attorney Provision"), (ii) an arrangement for repeated postpetition deposits into escrow (the "Replenishment Provision"), and (iii) an attorney's lien on funds in Press's possession (the "Lien Provision"). Those provisions are not reasonable terms and conditions of employment under 11 U.S.C. § 328(a), and the Power of Attorney Provision conflicts with the debtor-in-possession's statutory and fiduciary duties and the Maryland Attorneys' Rules of Professional Conduct (the "MARPC"). The Amended Application should therefore be denied unless the Retainer Agreement is revised and the compensation arrangement is fully and unambiguously disclosed.

## I. BACKGROUND

1. The Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1334(a), (b) and 28 U.S.C. § 157.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The United States Trustee is charged with monitoring applications for the employment and compensation of attorneys. 28 U.S.C. §§ 586(a)(3)(A), (I).

4. The Debtor commenced this case by filing a voluntary petition under Chapter 11 of the Bankruptcy Code on August 20, 2026 (the "Petition Date"). Dkt. No. 1.

5. The Debtor filed its original application to employ Press on the Petition Date. Dkt. No. 4.

6. On September 3, 2026, the United States Trustee filed an objection to the original application because it did not adequately disclose Press's compensation arrangement and because the Retainer Agreement included the Power of Attorney Provision, the Replenishment Provision, and the Lien Provision. Dkt. No. 19.

7. On September 13, 2026, the Debtor filed the Amended Application. Dkt. No. 22. The Amended Application states that Press will bill at $595 per hour and attaches a redacted copy of the Retainer Agreement and Press's disclosure of compensation. Dkt. Nos. 22, 22-2, 22-3.

8. The disclosure of compensation states that Press received $20,000 before the Petition Date, of which $1,785 was applied to prepetition services and $1,738 was applied to the filing fee, with the remaining funds held in trust. Dkt. No. 22-3.

9. The Retainer Agreement states, in relevant part:

> In consideration of the legal services to be rendered by the Law Offices of Daniel M. Press ('the law firm'), you appoint the law firm attorney in fact and in law with full authorization to do all things necessary and proper to achieve the most favorable result for you.

> To establish our attorney-client relationship, you have agreed to advance the sum of $20,000 by wire transfer. . . . Any fees due after application of your fee advance, as determined by the Court after approval of a fee application and notice to you, must be paid promptly after Court approval. In order to facilitate this, we may send you periodic statements of fees for which we intend to seek approval, and we ask that you send that amount to be held in escrow until approved by the Court.
>
> 1. Lien. You grant us an attorney's lien on any funds in our possession to the extent of our fee.

10. The Amended Application asserts that the Replenishment Provision is merely a request for a "voluntary escrow," that the Lien Provision simply memorializes a possessory lien on the initial retainer, and that the Power of Attorney Provision does no more than authorize Press to act as the Debtor's lawyer. Dkt. No. 22 ¶¶ 11–13. The operative text of those provisions remains unchanged. The attached Retainer Agreement also discloses additional payment and enforcement terms not previously before the Court, including a 1.5% monthly late charge on unpaid statements, collection fees equal to one-third of the unpaid balance, withdrawal for nonpayment subject to Court approval, and forum-selection, jury-waiver, and alternative-service provisions. Dkt. No. 22-2 at 2, 5.

## II. ARGUMENT

11. The Bankruptcy Code requires bankruptcy courts to supervise attorney-client relationships, including the terms of employment and the allowance and payment of professional fees. *In re Printing Dimensions, Inc.*, 153 B.R. 715, 718 (Bankr. D. Md. 1993).

12. A professional seeking employment under 11 U.S.C. § 327 must disclose specific facts showing "any proposed arrangement for compensation." Fed. R. Bankr. P. 2014(a)(2)(E). The disclosure obligation is continuing and must be sufficiently complete to permit the Court and parties in interest to evaluate the proposed terms before employment is approved. *See Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881-82 (9th Cir.

1995) (requiring disclosure of the precise nature of the fee arrangement and holding that incomplete disclosure violated the disclosure rules); *In re Saturley*, 131 B.R. 509, 516-17 (Bankr. D. Me. 1991) (explaining that fee disclosures must be direct, comprehensive, and complete).

13. Under 11 U.S.C. § 328(a), a debtor may employ a professional under § 327 on any reasonable terms and conditions of employment with court approval. Decisions approving or disapproving employment under § 327 are committed to the bankruptcy court's discretion, exercised in light of the facts of the particular case and the objectives of the bankruptcy system. *In re Harold & Williams Dev. Co.*, 977 F.2d 906, 909-10 (4th Cir. 1992). That discretion should not be exercised "either to deprive the debtor-in-possession of property prematurely or to abrogate the court's responsibility and authority to supervise the allowance of attorney's fees effectively." *In re Printing Dimensions, Inc.*, 153 B.R. at 718.

**A. The Amended Application Does Not Adequately Disclose or Justify the Replenishment Arrangement**

14. The Amended Application characterizes the Replenishment Provision as voluntary and therefore not an "evergreen retainer." Dkt. No. 22 ¶ 11. That label does not resolve the issue. Bankruptcy Rule 2014 requires disclosure of "any proposed arrangement for compensation," whether mandatory or voluntary. The Retainer Agreement authorizes Press to send periodic statements for fees not yet approved and asks the Debtor to deposit the stated amounts into escrow pending approval. That is a proposed compensation arrangement.

15. The arrangement is potentially recurring and is tied to the amount of Press's unapproved fees. It therefore may function as a replenishing or evergreen retainer even if the agreement uses the word "ask" rather than "require." The Debtor's agreement to the Retainer Agreement, coupled with counsel's reserved ability to request deposits throughout the case, creates precisely the type of postpetition funding mechanism that requires advance disclosure and review.

16. The Amended Application does not state when Press expects to request a deposit, how often requests may be made, whether a minimum balance will be maintained, what amount may be requested, what financial circumstances will be considered, whether the Debtor may refuse without consequence, or how funds will be treated if the Court allows less compensation than requested. Those omissions are material because the Retainer Agreement separately imposes a 1.5% monthly late charge, collection fees equal to one-third of the unpaid balance, and potential withdrawal for nonpayment. Dkt. No. 22-2 at 2. Without clarification as to whether those consequences can follow a refusal to make a purportedly "voluntary" escrow deposit, the Court cannot assess the arrangement's reasonableness under § 328(a).

17. Courts considering postpetition evergreen retainers require specific disclosure and careful scrutiny of the proposed terms and safeguards. *See In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003). Such an arrangement ordinarily is appropriate only in a rare case involving unusually large monthly fees, hardship from delayed payment, an assured ability to repay any disallowed amount, and a noticed hearing on the procedure itself. *In re Knudsen Corp.*, 84 B.R. 668, 671-72 (B.A.P. 9th Cir. 1988). In a recent Subchapter V decision, the D.C. Bankruptcy court explained that an evergreen retainer must be expressly disclosed and approved in advance and that it will be the rare Subchapter V case whose size and exceptional nature warrant such an arrangement. *In re Raocore Tech., LLC*, No. 24-00065-ELG, 2025 WL 828880, at *4-*8 (Bankr. D.D.C. Feb. 20, 2025); *see also*, *In re Soul Wellness, LLC*, 669 B.R. 848, 853-57 (Bankr. S.D. Fla. 2025). The Amended Application provides no facts permitting the required analysis.

18. Accordingly, the Amended Application should not be approved while the Replenishment Provision remains operative and unexplained.

**B. The Lien Provision Is Broader Than the Amended Application Acknowledges and Has Not Been Shown to Be Reasonable**

19. The Amended Application asserts that the "entire purpose" of a prepetition retainer is to provide a possessory lien on advanced funds. Dkt. No. 22 ¶ 12. But the Retainer Agreement does not limit the Lien Provision to the initial prepetition retainer. It grants Press "an attorney's lien on any funds in our possession to the extent of our fee." Dkt. No. 22-2 at 5.

20. The phrase "any funds" can encompass postpetition deposits made under the Replenishment Provision and other funds that may come into counsel's possession. The clause does not distinguish between allowed fees and fees merely billed or asserted, and it contains no express recognition that compensation remains subject to Court approval under 11 U.S.C. §§ 330 and 331. Read together with the late-charge and collection provisions, the clause creates uncertainty concerning whether Press may assert a lien, interest, or collection claim based on unapproved postpetition fees.

21. The Lien Provision also fails to account for the current MARPC Rule 19-301.15(c). The new Rule provides: "An attorney shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the attorney only as fees are earned or expenses incurred." MARPC Rule 19-301.15(c). The current Rule contains no exception permitting advance fees to be treated as the attorney's property based on the client's informed written consent. Accordingly, the retainer balance must remain client property in trust unless and until fees are earned, expenses are incurred, and compensation is approved by this Court. The blanket assertion of a lien on "any funds" in Press's possession cannot convert unearned, unapproved, or disputed client funds into Press's property.

22. Nor does the Retainer Agreement satisfy Maryland's statutory requirements for asserting and enforcing an attorney's lien. Maryland Code, Business Occupations and Professions Article § 10-501(b) limits the statutory lien to fees or compensation owed under a

specific agreement for legal services that produced the action, proceeding, settlement, judgment, or award, and § 10-501(d) permits retention of liened property and execution only in accordance with rules adopted by the Supreme Court of Maryland. Maryland Rule 2-652(a) requires the attorney to serve written notice by certified mail or personal delivery on the client and every person against whom the lien is to be enforced; the notice must claim the lien, state the attorney's interest, and direct the recipient to hold the related money or property. The blanket Lien Provision neither identifies property within the statutory lien nor provides the required notice, and it cannot substitute for compliance with § 10-501 and Rule 2-652.

23. The breadth and ambiguity of the Lien Provision impede the Court's ability to supervise estate property and professional compensation. The Amended Application supplies no facts showing that a lien on all funds in counsel's possession is necessary, customary, or in the estate's best interests. Nor does it explain how such a lien is consistent with Press's obligation to remain disinterested and not hold or represent an interest adverse to the estate under 11 U.S.C. § 327(a). *See In re Martin*, 817 F.2d 175, 182-83 (1st Cir. 1987) (requiring the bankruptcy court to determine whether counsel's proposed lien or security interest presents a sufficient threat of material adversity to require disqualification, disgorgement, or invalidation of the lien). Even when state law recognizes an attorney's lien in a prepetition retainer, the lien's validity and scope depend on the governing state law and the approved terms of retention. *See Weinman, Cohen & Niebrugge, P.C. v. Peters* (I*n re Printcrafters, Inc.)*, 233 B.R. 113, 117-20 (D. Colo. 1999). In addition, post petition withdrawals or replenishments remain subject to disclosure and judicial supervision notwithstanding contrary language in a fee agreement. *Miller v. U.S. Tr.* (*In re Indep. Eng'g Co.*), 197 F.3d 13, 16 (1st Cir. 1999).

24. The Court should therefore decline to approve the Lien Provision. Any approved retention should specify the nature and amount of the initial retainer, the ownership and

treatment of the funds, the limited circumstances in which funds may be applied, and that no lien attaches to postpetition estate funds or other funds without further Court approval.

**C. The Power of Attorney Provision Remains Unreasonable and Conflicts with the Debtor in Possession's Duties**

25. The Amended Application contends that appointing counsel necessarily appoints the lawyer as the client's "attorney" and that the Power of Attorney Provision gives Press no authority beyond the ordinary attorney-client relationship. Dkt. No. 22 ¶ 13. That contention does not account for the actual language used. The Retainer Agreement appoints the law firm "attorney in fact and in law with full authorization to do all things necessary and proper to achieve the most favorable result" for the Debtor. Dkt. No. 22-2 at 1.

26. An attorney-at-law represents a client in legal proceedings. An attorney-in-fact exercises authority delegated by a principal. By combining both concepts and adding "full authorization to do all things necessary and proper," the provision is materially broader than an ordinary authorization to appear as counsel. If, as the Amended Application now asserts, the clause confers no authority beyond the ordinary attorney-client relationship, it is unnecessary and should be removed.

27. Under 11 U.S.C. § 1107(a), a debtor-in-possession assumes most of a trustee's rights, powers, functions, and duties. Counsel may assist the debtor-in-possession and perform delegated legal tasks, but the debtor-in-possession must retain ultimate control over its statutory responsibilities. The debtor-in-possession may not "surrender the helm" to another person. *In re Mushroom Transp. Co.*, 382 F.3d 325, 339 (3d Cir. 2004) (quoting *Burtch v. Ganz* (*In re Mushroom Transp. Co.*), 282 B.R. 805, 825 (E.D. Pa. 2002)).

28. The Debtor-in-Possession also owes fiduciary duties to the estate and all parties in interest. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 354-55 (1985); *In re J.T.R. Corp.*, 958 F.2d 602, 604-05 (4th Cir. 1992). The Fourth Circuit has further explained that

a debtor-in-possession administers its assets for the benefit of the creditor body, acts in the interests of creditors rather than its own interests, and owes the same fiduciary duties as a trustee. *Bowers v. Atlanta Motor Speedway* (*In re Se. Hotel Props. Ltd. Pshp.*), 99 F.3d 151, 156 (4th Cir. 1996). It therefore does not act solely to obtain the "most favorable result" for itself. The Power of Attorney Provision is incompatible with the Debtor's independent obligation to exercise business judgment for the benefit of the estate and its creditors.

29. The MARPC likewise reserve fundamental decision-making authority to the client. An attorney must abide by the client's decisions concerning the objectives of representation and the settlement of a matter, and must explain matters sufficiently to permit informed client decisions. MARPC Rules 19-301.2(a), 19-301.4(b).

30. Maryland decisions likewise recognize that counsel must preserve the client's ability to make informed decisions. An attorney violates Rule 19-301.2(a) by withholding information that is necessary for the client to make those decisions. *Att'y Grievance Comm'n of Md. v. Hamilton*, 444 Md. 163, 182 (2015). A provision purporting to give counsel full authority to do all things counsel deems necessary is inconsistent with that allocation of decision-making responsibility.

31. The general statement in the Amended Application that counsel will follow professional and bankruptcy rules does not narrow the operative grant of authority. Section 328(a) requires the terms themselves to be reasonable. A court should not be required to approve facially expansive language based on counsel's assurance that it will be interpreted more narrowly than written.

32. Accordingly, the Power of Attorney Provision should be deleted.

**D. The Redacted Agreement Does Not Permit Complete Review of the Proposed Terms**

33. The Amended Application attaches a version of the Retainer Agreement containing substantial redactions, stating only that the redacted portions contain legal advice.

Dkt. No. 22 ¶ 10; Dkt. No. 22-2. Because the Debtor seeks approval of Press's employment under that agreement, the Court must be able to determine whether the complete agreement contains additional terms bearing on compensation, authority, termination, conflicts, or the administration of estate property.

34. The United States Trustee does not seek public disclosure of privileged legal advice. But the proponent of employment bears the burden of providing enough information for review. Fee amounts, payment information, and the general purpose of legal work ordinarily are not protected by the attorney-client privilege, although entries revealing litigation strategy or the specific nature of legal advice may be privileged. *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000); *Chaudhry v. Gallerizzo*, 174 F.3d 394, 402-03 (4th Cir. 1999). If the Debtor maintains that particular redactions are privileged, it should provide an unredacted copy to the Court for an in camera review.

35. Under Local Bankruptcy Rule 9013-2, the United States Trustee relies solely on this Objection, and no additional memorandum of fact or law will be filed in support.

36. Pursuant to Local Bankruptcy Rule 9013-6, the United States Trustee consents to entry of final orders or judgments by this Court.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Amended Application, without prejudice to the filing of a further amended application and revised retainer agreement that: (i) removes the Power of Attorney Provision; (ii) removes the Replenishment Provision; (iii) removes the Lien Provision; (iv) fully discloses all compensation arrangements; and (v) grants such other and further relief as is just and equitable.

Date: September 23, 2026

**MATTHEW W. CHENEY**
Acting United States Trustee for Region 4
By Counsel:

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No.: 12933
6305 Ivy Lane, Suite 600
Greenbelt, MD 20770
(301) 344-6216
Fax: (301) 344-8431
E-mail: jeanette.rice@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 23, 2026, a copy of the foregoing Amended Objection to Debtor's Amended Application to Employ Counsel was served by ECF notification on:

Daniel M. Press: dan@danpress.us; pressdm@gmail.com; danpress@recap.email

Monique Desiree Almy: malmy@crowell.com; cbest@crowell.com; malmy@ecf.axosfs.com; monique-almy-7127@ecf.pacerpro.com

Paul Sweeney: psweeney@yvslaw.com; jbeckman@yvslaw.com; pgomez@yvslaw.com; cadams@yvslaw.com; sweeneypr39990@notify.bestcase.com; r39990@notify.bestcase.com; vmichaelides@yvslaw.com

and by first class mail postage prepaid to:

Kesa LLC
Samir Abu-ajaj
Managing Member
900 Premium Outlets Blvd
Hagerstown MD 21740

*/s/L. Jeanette Rice*
L. Jeanette Rice