**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MARYLAND**
**Greenbelt Division**

| | | |
|---|---|---|
| **In re:** | : | **Chapter 11 (Subchapter V)** |
| | : | |
| **Kesa LLC** | : | **Case No. 26-19154** |
| | : | |
| **Debtor.** | : | |

**AMENDED APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF DANIEL M. PRESS AS COUNSEL FOR DEBTOR-IN-POSSESSION AND NOTICE OF OPPORTUNITY TO OBJECT**

**Kesa LLC**, debtor and debtor-in-possession (the "Debtor"), submits this application (the "Application") pursuant to section 327(a) of title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules") 2014(a) for an order authorizing the Debtor to employ and retain Daniel M. Press as its attorney in this chapter 11 case. In support of this Application, the Debtor respectfully represents to this Honorable Court as follows:

1. On August 20, 2026, this case was commenced by the filing of a voluntary petition for relief under chapter 11 (Subchapter V) of the Bankruptcy Code in the United States Bankruptcy Court for the District of Maryland (the "Bankruptcy Court").

2. The Debtor remains, and intends to continue, in the possession of its property as debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3. The Debtor is a Maryland LLC, and is a small business debtor having elected to proceed under Subchapter V.

UST1

4. The Debtor desires to retain and employ Daniel M. Press pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a) to perform all legal services in these proceedings as more fully set forth below.

5. In order to enable the Debtor to perform its duties as debtor-in-possession and to effect the proper and expeditious administration of this case, Mr. Press will be required to render legal services to the Debtor in connection with this proceeding, including, but not limited to, the following:

a) Assisting and advising the Debtor relative to the administration of this proceeding;

b) Representing the Debtor at the § 341 meeting and before the Bankruptcy Court and advising the Debtor on all pending litigations, hearings, motions, and of the decisions of the Bankruptcy Court;

c) Reviewing and analyzing all applications, orders, and motions filed with the Bankruptcy Court by third parties in this proceeding and advising the Debtor thereon;

d) Attending and representing the Debtor at all examinations;

e) Communicating with creditors and all other parties in interest;

f) Assisting the Debtor in preparing all necessary applications, motions, orders, supporting positions taken by the Debtor, and preparing witnesses and reviewing documents in this regard;

g) Conferring with all other professionals, including any accountants and consultants retained by the Debtor and by any other party in interest;

h) Assisting the Debtor in negotiations with creditors or third parties concerning the terms of any proposed plan of reorganization;

UST1

i) Preparing, drafting and prosecuting the plan of reorganization; and

j) Assisting the Debtor in performing such other services as may be in the interest of the Debtor and the Estate and performing all other legal services required by the Debtor.

6. The Debtor believes that Mr. Pres is well-qualified to be counsel to the Debtor, having ample experience in bankruptcy and insolvency matters. Mr. Press has had considerable experience in matters of this nature and is capable of rendering the services required. Daniel M. Press has previously represented debtors, secured and unsecured creditors, bidders, trustees, and other interested parties in all aspects of bankruptcy and commercial litigation proceedings. Mr. Press has practiced bankruptcy law for over 35 years. He is an experienced bankruptcy practitioner. Mr. Press' experience, reputation and ability have been recognized by his election to the Board of the National Association of Consumer Bankruptcy Attorneys ("NACBA"), as President of the Northern Virginia Bankruptcy Bar Association ("NVBBA"), and Chair of the Council of the Consumer Bankruptcy Section of the Maryland State Bar Association ("MSBA"). He has also served as the Education Director of the Consumer Committee of the American Bankruptcy Institute, and has been invited to speak and teach continuing legal education programs on bankruptcy topics, and in particular on Subchapter V and Chapter 11 for Individual Debtors, for the ABI, NACBA, the MSBA, MICPEL, NVBBA, the Bankruptcy Bar Association for the District of Maryland ("BBA"), the Virginia Bar Association, the North Carolina Bar, Virginia CLE, the West Virginia Bar, and Minnesota CLE. He and his colleague, Brett Weiss, are the authors of Chapter 11 for Individual Debtors, a Collier Monograph, published by Collier/Lexis-Nexis, and articles in publications such as the ABI Journal, and teach "Boot Camps" on Individual Chapter 11 cases. Mr. Press' reputation is well established as an effective

UST1

practitioner.

7. As set forth in the Affidavit of Daniel M. Press, (the "Affidavit"), annexed hereto and made a part hereof, Mr. Press represents no interest adverse to the estate regarding the matters upon which he is to be engaged, and is "disinterested" as such term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b). Mr. Press will not, while retained by the Debtor, represent any other party in interest in connection with this case.

8. Mr. Press does not have any connection with the Debtor (other than as its attorney), its affiliates, partners, creditors, stockholders, any other party in interest, the United States trustee, or any person employed in the office of the United States trustee, except as disclosed in the Affidavit.

9. The employment of Mr. Press is in the best interests of the Debtor, its creditors and the estate.

10. Mr. Press will charge fees and expenses incurred in representing the Debtor in these proceedings based on the normal rates charged by him for similar clients, currently $595/hr. **A redacted copy of the retention agreement (redacting portions containing legal advice) and of the previously-filed disclosure of compensation are attached hereto and incorporated herein, although there is no requirement to attach it.** Mr. Press will seek compensation for services rendered and expenses incurred upon appropriate application to the court pursuant to sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rules.

11. **Contrary to the US Trustee's position, there is no "evergreen retainer" provision. Rather, as a convenience to the Debtor, and as is the case with Subchapter V Trustee fees, the agreement simply provides for a voluntary escrow once the retainer is exhausted. It is not mandatory, but a request, as the language of the agreement makes**

**clear.**

12. **As for the lien, that is the entire purpose of a pre-petition retainer. There is a possessory lien on the advanced funds. The agreement just makes this understanding clear.**

**13. The U.S Trustee's position regarding the power of attorney provision is even more absurd. Hiring counsel is to appoint the lawyer as the client's attorney, and that's what the language at issue does: gives counsel authority to act as attorney for the client. How an attorney could enter an appearance and act for a client without being appointed as the client's attorney would seem to be far more questionable. Of course, acting as the client's attorney requires the lawyer to act in accordance with the Rules of Professional Conduct and the Bankruptcy Code and Rules. The provision at issue gives counsel no more authority than is proper under the Rules. Nothing in the agreement requires or provides for the Debtor to surrender any authority to counsel – precisely the opposite. How the US Trustee could possibly interpret the agreement in this matter is beyond the comprehension of this attorney.**

WHEREFORE, the Debtor requests that it be authorized to retain and employ the law firm of Daniel M. Press as its counsel to assist in the performance of its functions and otherwise

UST1

with respect to this case pursuant to section 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014(a), and for such other relief as the Court deems just and proper.

Dated: September 13, 2026.

Respectfully submitted,

/s/ Daniel M. Press

Daniel M. Press, #07300
Law Offices of Daniel M. Press
201 Washington St.
Cumberland MD 21502
(703) 725-7600
dan@danpress.us

CERTIFICATE OF SERVICE

This is to certify that on September 13, 2026, I caused the foregoing notice and application to be served by CM/ECF upon the United States Trustee as follows:

Monique Desiree Almy malmy@crowell.com,
cbest@crowell.com,
malmy@ecf.axosfs.com,
monique-almy-7127@ecf.pacerpro.com

L. Jeanette Rice Jeanette.Rice@usdoj.gov,
USTPRegion04.GB.ECF@USDOJ.GOV

Paul Sweeney psweeney@yvslaw.com,
jbeckman@yvslaw.com,
pgomez@yvslaw.com,
cadams@yvslaw.com,
sweeneypr39990@notify.bestcase.com,
r39990@notify.bestcase.com,
vmichaelides@yvslaw.com

US Trustee - Greenbelt USTPRegion04.GB.ECF@USDOJ.GOV

/s/ Daniel M. Press

UST1