Entered: October 28th, 2026

Signed: October 28th, 2026

**SO ORDERED**

The October 28, 2026 hearing at 11:00 a.m. on the application to employ counsel is cancelled and has been removed from the Court's calendar. The Section 1188 initial status conference on October 28, 2026 at 11:30 a.m. will proceed as scheduled.

UNITED STATES BANKRUPTCY COURT DISTRICT OF MARYLAND

Maria Ellena Chavez-Ruark

**MARIA ELLENA CHAVEZ-RUARK**
**U.S. BANKRUPTCY JUDGE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Greenbelt Division)**

| | |
|---|---|
| **In re:**<br><br>**KESA LLC,**<br><br>**Debtor.** | **Case No.: 26-19154-MCR**<br>**Chapter 11 (Subchapter V)** |

**CONSENT ORDER GRANTING AMENDED APPLICATION TO EMPLOY DANIEL M. PRESS AS COUNSEL FOR DEBTOR-IN-POSSESSION**

Upon consideration of the Amended Application for Order Authorizing Employment of Daniel M. Press as Counsel for Debtor-in-Possession (ECF No. 22) (the "Application"), the United States Trustee's amended objection thereto, and the agreement of the parties, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Application is granted as provided herein, and the Retainer Agreement is modified as stated herein. Further, the Attorney has verified that the Redacted Provisions of the Retainer Agreement relate only to legal advice; and it is further

ORDERED, The Debtor is authorized to employ Daniel M. Press as counsel for the Debtor-in-Possession, with compensation and reimbursement of expenses subject to court approval pursuant to 11 U.S.C. § 330 and 11 U.S.C. § 331; and it is further

ORDERED, the that Power of Attorney Provision, appointing counsel as "attorney in fact and in law" and to "achieve the most favorable result for you" is stricken. The Attorney is authorized to perform all customary acts of counsel in representing a Chapter 11 debtor and comply with the Bankruptcy Code and the Maryland Attorneys' Rules of Professional Conduct; and it is further

ORDERED, the Replenishment Provision regarding recurring postpetition deposits to replenish escrow amounts corresponding to unapproved fees is stricken. In the event the Attorney requests postpetition replenishment, escrow, or similar funding mechanism, the

arrangement shall be fully disclosed to the Court and parties in interest with notice and an opportunity to object; and it is further

ORDERED, that the Lien Provision granting the attorney a lien on "any funds" in counsel's possession, is stricken and replaced with "any funds advanced prepetition towards fees and expenses". The lien relates only to the pre-petition retainer, and no lien or security interest in postpetition estate property is authorized by this Order.

Consented to as to form and content:

*/s/ L. Jeanette Rice*
L. Jeanette Rice, Bar No. 12933
6305 Ivy Lane
Suite 600
Greenbelt, MD 20770
301-344-6220
Jeanette.Rice@usdoj.gov
*Counsel for the U.S. Trustee*

*/s/Daniel M. Press*
Daniel M. Press, # 07300
Law Offices of Daniel M. Press
201 Washington St.
Cumberland MD 21502
(703) 725-7600
dan@danpress.us
*Counsel for Debtor*

**Certification**

I HEREBY CERTIFY that the terms of the copy of the Consent Order submitted to the Court are identical to those set forth in the original; and the signatures represented by the /s/ on this copy reference the signatures of consenting parties on the original consent order.

*/s/L. Jeanette Rice*
L. Jeanette Rice

END OF ORDER